**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **EYNNER DANILO SANDOVAL-CIPAGAUTA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1608-SLP** |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Eynner Danilo Sandoval-Cipaguata, a noncitizen[1] and Colombian national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States Chief District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. The undersigned set an expedited briefing schedule, Doc. 5, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court deny the Petition. Doc. 1.

## I. Background

Petitioner, a citizen of Colombia, entered the United States on October 21, 2022, on a B-2 nonimmigrant visa as a Visitor for Pleasure. Resp. at 2; Doc. 8-4 at 1 (Notice to

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

Appear). He was authorized to reside in the United States until February 21, 2023. Resp. at 2; Doc. 8-4 at 1. Petitioner did not leave the country by February 21, 2023. Resp. at 2; Doc. 8-4 at 1.

On November 25, 2025, ICE took custody of Petitioner after he was arrested during a routine traffic stop by an Oklahoma Highway Patrol Trooper. Pet. at 6; Resp. at 2; Doc. 8-8 at ¶¶ 9-13.[2] On November 24, 2025, Petitioner was served with an administrative warrant. Doc. 8-5 (Warrant for Arrest of Petitioner). The same day, ICE placed Petitioner into removal proceedings before the Immigration Court through a Notice to Appear, and charged him under 8 U.S.C. § 1227(a)(1)(B) as a nonimmigrant who remained in the United States for longer than permitted in violation of law. Doc. 8-4 at 1.

Respondents detained Petitioner pursuant to 8 U.S.C. § 1226. Resp. at 2; Doc. 8-8 at ¶ 28. On December 22, 2025, Petitioner received a bond hearing in front of an immigration judge ("IJ"). Resp. at 2; Doc. 8-2 (IJ Order denying bond from December 22, 2025). At the bond hearing, the IJ denied bond after finding Petitioner was a flight risk. Resp. at 2; Doc. 8-2 at 1. On May 19, 2026, the IJ "decline[d] to redetermine [Petitioner's] custody status as he failed to demonstrate materially changed circumstances since his prior

---

[2] Petitioner states he was "taken into immigration custody" on November 12, 2025. Pet. at 4. However, he also alleges he was "arrested during a routine traffic stop and then turned in to ICE." *Id.* at 6. The declaration of ICE Deportation Officer Zaire Kitchen, attached to the Response, states Petitioner was taken into custody by an Oklahoma Trooper on November 12, 2025, was placed on a "detainer or immigration hold," and then transferred to ICE custody on November 25, 2025, after ICE's issuance of a warrant on November 24, 2025. Doc. 8-8 at ¶¶ 9-13.

custody hearing." Doc. 8-3 at 1 (IJ Order denying bond from May 19, 2026). Respondents allege Petitioner did not appeal either of those IJ decisions. Resp. at 3.

On June 2, 2026, an IJ denied Petitioner's request for asylum and withholding of removal and granted voluntary departure. *Id.*; Doc. 8-6 at 3-4 (IJ Order denying asylum and granting voluntary departure). However, on July 2, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals, and the appeal is currently pending. Resp. at 3; Doc. 8-7 (BIA receipt of appeal). Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1. Resp. at 3.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Aug. 26, 2026).

## II. Petitioner's Claims

Petitioner asserts four counts in his Petition.

- **Count I: Violation of Due Process.** Petitioner alleges his detention without a warrant during a routine traffic stop violates his procedural and substantive due process. Pet. at 6.

- **Count II: Illegal Detention**. Petitioner alleges ICE illegally detained and arrested him after he was admitted to the United States on a visa. *Id*.

- **Count III: Violation of Due Process**. Petitioner alleges his arrest and detention without prior notice and a meaningful opportunity to respond violate his procedural and substantive due process. *Id*.

- **Count IV: Violation of Due Process**. Petitioner alleges his detention without a bond hearing in accordance with 8 U.S.C. § 1226 of the Immigration and Nationality Act ("INA"), where ICE bears the burden of proving he is a flight risk or danger, violates the Fifth Amendment Due Process Clause. *Id.* at 7.

He asks the Court to "order [his] immediate release" or, alternatively, to "order respondent to conduct a prompt custody re-determination before a neutral decision maker where ICE has the burden of proof of proving flight risk and danger to the community." *Id.* (citation modified).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. It is undisputed Section 1226(a) applies to Petitioner's detention.

The two sections of the INA that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1226(a) generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Liberally construed, Petitioner alleges he is detained under § 1226(a) and entitled to a bond hearing. Pet. at 6-7. Respondents do not dispute Petitioner is detained under § 1226(a). Resp. at 2.

The Tenth Circuit recently confirmed § 1226(a) applies to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir.

2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Respondents' acknowledgment that § 1226(a) applies, Tenth Circuit precedent, and this Court's prior holding in *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026), the Court should apply § 1226(a) to govern Petitioner's current detention

**B. The most Petitioner is entitled to is a bond hearing, but such a hearing already occurred.**

Petitioner asks the Court to "order [his] immediate release" or, alternatively, to "order respondent to conduct a prompt custody re-determination before a neutral decision maker where ICE has the burden of proof of proving flight risk and danger to the community." Pet. at 7 (citation modified) Consistent with this Court's recent approach, the undersigned would typically recommend Petitioner be afforded a constitutionally sufficient, individualized bond hearing pursuant to § 1226(a).[3] *See Kumar v. Mullin*, No.

[3] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-

CIV-26-689-SLP, 2026 WL 1960943, at *2 (W.D. Okla. July 7, 2026) (concluding because § 1226(a) governs petitioner's detention, "he is entitled to an individualized bond hearing"). As Judge Russell in this District has explained, "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond." *Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) (citation modified). As such, "an individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute." *Id.* (citation modified). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g., Guzman Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 (W.D. Okla. July 7, 2026) (declining to address petitioner's burden-shifting claim).

However, Petitioner has already received a bond hearing, and this Court cannot review the discretionary determination of the IJ. The determination of bond under § 1226(a) is within the purview of the IJ, who considers whether a noncitizen is a flight risk or a danger to the community. 8 C.F.R. § 236.1(c). Further, § 1226(e) "strips federal courts of jurisdiction to hear challenges to an IJ's discretionary decision to keep a

---

26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

noncitizen in detention." *Nucamendiz v. Hyde*, No. 25-CV-13851, 2026 WL 221449, at *1 (D. Mass. Jan. 28, 2026) (citation modified); *see also Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (citing § 1226(e) and noting "the Attorney General's exercise of discretion is not subject to judicial review"). "Thus, a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026); *see also Perez v. Holt,* No. CIV-25-1151-SLP, 2026 WL 597126, at *6 (W.D. Okla. Mar. 3, 2026) ("Thus, the Court finds that the IJ relied on evidence in the record to make a discretionary decision to deny Petitioner bond; therefore, this Court lacks subject matter jurisdiction to review that decision.").

Respondents attached the IJ's Orders denying Petitioner's request for bond. Doc. 8-2; Doc. 8-3. "After full consideration of the evidence presented," the IJ denied bond based on "Flight risk" and "other factors." Doc. 8-2 at 1. "Petitioner does not indicate that he was denied the opportunity to present evidence at the bond hearing or that the IJ improperly shifted the burden of proof." *Kumar*, 2026 WL 753944, at *2. Thus, "he has not shown that the decision was somehow legally erroneous or unconstitutional." *Id.*[4]

[4] Section "1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law." *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026) (citation modified); *see also Kumar*, 2026 WL 753944, at *2 (noting petitioner's arguments about the potential adequacy of the bond hearing, such as the denial of an opportunity to present evidence or the IJ's application of an improper burden of proof, were too undeveloped to warrant habeas relief); *Perez*, 2026 WL 597126, at *6 n.11 (noting petitioner did not allege the bond hearing was unconstitutional, such as raising a claim about the "impropriety of burden allocation at the bond hearing"). However, the Petition does not allege Petitioner's bond hearing was constitutionally

Accordingly, "the Court lacks jurisdiction to reconsider the IJ's discretionary decision," *id.* (citation modified), to deny bond.[5]

**C. The Court should deny Petitioner's remaining claims.**

Petitioner also argues his continued detention without a bond hearing violates his rights to due process. Pet. at 7. If the Court adopts the undersigned's recommendation that Petitioner be denied relief of a bond hearing, the Court should also deny relief on Petitioner's remaining claims alleging a violation of his due process rights because, at most, he would only be entitled to relief in the form of a bond hearing, which he has already received. *See Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026) (declining to decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing pursuant to § 1226(a)); *accord Hernandez v. Mullin*, No. CIV-26-475-R, 2026 WL 1625669, at *3 (W.D. Okla. June 5, 2026) (holding that a noncitizen whose mandatory detention under § 1226(c) became so prolonged that it violates due process was entitled only to a bond hearing).

---

deficient. Accordingly, he does not claim the process afforded him at the bond hearing was constitutionally inadequate. *See Kumar*, 2026 WL 753944, at *2; *Perez*, 2026 WL 597126, at *6 n.11; *see also Singh v. Blanche*, No. CIV-26-311-D, 2026 WL 915596, at *9 & n.9 (W.D. Okla. Apr. 3, 2026) (recommending denial of habeas relief to petitioner who had a prior bond hearing and "nowhere alleges [in his petition] that the IJ used the wrong burden of proof" or otherwise violated the law at the prior bond hearing) (R&R), *adopted*, 2026 WL 1010480 (W.D. Okla. Apr. 14, 2026).

[5] If the Court adopts the undersigned's recommendation that it lacks jurisdiction to review the IJ's decisions, the Court does not need to address Respondents' argument that Petitioner failed to exhaust his administrative remedies by failing to appeal the IJ's bond decisions.

Finally, to the extent Petitioner alleges his arrest pursuant to a warrant is somehow improper, Respondents included the warrant for his arrest pursuant to § 1226(a) dated November 24, 2025—the day before he was taken into ICE custody—signed by a Supervisory Detention and Deportation Officer. Doc. 8-5 at 1; *see also* Doc. 8-8 at ¶ 13 ("On or about November 25, 2025, [Petitioner] was transported to the ICE/ERO Tulsa Office for case processing by the Tulsa County Jail Transport Team."). Accordingly, any claim that Petitioner's arrest was improper should be denied. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained . . . .").

## V. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** the Petition, Doc. 1, for habeas relief. The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **September 9, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **September 23, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 26th day of August, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE